266

The State of Ohio, Appellee, *v.* Guster, Appellant.

(No. 80-1129 — Decided May 27, 1981.)

*Mr. Edward Sustersic,* prosecuting attorney, and *Mr. Paul B. Jefferis,* for appellee.

*Ms. Bertie M. Gerline,* for appellant.

PALMER, J. The issue certified to this court is whether the defendant in a criminal trial is entitled, upon a proper request by counsel, to a jury instruction on eyewitness identification where that identification is the crucial issue in the case and is uncorroborated by other substantial evidence. The predicate for the argument of the appellant that such a cautionary instruction is indeed required is the fact that eyewitness identification is the product of sense perception and memory, both of which faculties, it is argued, are readily influenced, or misled, by a variety of unreliable external phenomena and internal stimuli. As a result, it is asserted that such identification testimony is inherently untrustworthy, and since it tends to be unusually persuasive with jurors, special cautionary instructions are required to place its probative value in an appropriate context. The argument is one that has received some support in case law as well as among legal scientific commentators.[2]

Our examination of the issue must begin, however, at a more preliminary level than a discussion of the relative reliability of various types of evidence. Before the result sought by the appellant may be reached, we must necessarily

---

[2] See, *e.g.,* the authorities cited in *United States* v. *Telfaire, supra,* at 555, fn. 10. For federal circuits dealing with the issue, see *United States* v. *Scott* (C.A. 6, 1978), 578 F. 2d 1186, 1191.

find that the trial court transgressed some duty placed upon it in instructing the jury, and that such error resulted in prejudice to the appellant. Crim. R. 33(E)(4).

The general duty of the instructing court is set out in R. C. 2945.11, as follows:

"In charging the jury, the court must state to it all matters of law necessary for the information of the jury in giving its verdict. The court must also inform the jury that the jury is the exclusive judge of all questions of fact.***" The appellant does not contend—and, indeed, our examination of the charge leads us to conclude that he could not contend—that the court committed error in any instruction actually given the jury. The charge, both in its separate parts and in its totality, was standard and unexceptionable. No error could, therefore, be said to have attended the discharge of the court's statutory duty in delivering its general instructions, nor could it be said that any prejudice of which the appellant could complain resulted therefrom, *unless* it arose from the refusal of the court to supplement its general charge with the requested special instruction.

Crim. R. 30 provides the authority for such special instructions, as follows:

"At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests.***" This court has consistently held, under the above rule and under R. C. 2945.11 and its predecessors, that:

"In a criminal case, if requested special instructions to the jury are correct, pertinent, and timely presented, they must be included, at least in substance, in the general charge. (*State* v. *Barron,* 170 Ohio St. 267, followed.)" *Cincinnati* v. *Epperson* (1969), 20 Ohio St. 2d 59, paragraph one of the syllabus. See *State* v. *Corkran* (1965), 3 Ohio St. 2d 125, 131; *Grossweiler* v. *State* (1925), 113 Ohio St. 46; *Wertenberger* v. *State* (1919), 99 Ohio St. 353; *Blackburn* v. *State* (1872), 23 Ohio St. 146.

Here, the state, while agreeing that the requested instruction was timely presented, and while not asserting that the substance of the instruction was "incorrect," nevertheless argues that the trial court complied with the *Epperson* rule in

rejecting the instruction for two reasons: first, because the substance of the requested instruction was included in the general charge and, second, because the instruction was, given the facts of the case and the character of the eyewitness testimony, inappropriate and unnecessary, *i.e.,* not "pertinent." *Epperson, supra.*

The first of those two defenses offered by the state in justification for the refusal of the instruction, that the substance of the requested instruction had been otherwise included in the general charge, is problematical at best. It is quite true that the court carefully and properly instructed the jury, and indeed did so multiple times, that:

"[B]efore you can find the Defendant guilty, you must find beyond a reasonable doubt that on or about the 17th day of November at Martin's Ferry, Belmont County, Ohio, the Defendant did purposely attempt to cause the death of Lt. John Nieman while committing or attempting to commit the offense of aggavated burglary;* * *"

Obviously, this charge instructs the jury that it must direct its attention to the identity of the accused as the perpetrator of the crime, and therefore to the evidence offered in proof thereof, and decide that issue beyond a reasonable doubt before it may find the defendant guilty. This is, however, at some distance from the real objective of the requested instruction: to direct the jurors' attention not to the issue of identity, as such, but rather to the potential unreliability of the eyewitness evidence supporting the issue of identity. Similarly, the court's instruction to the jury as to its role in determining the credibility of witnesses, while correct and complete as far as it went,[3] did not specifically address the question of the inherent unreliability of eyewitness testimony. Nevertheless, a determination that the court's general instructions do not

---

[3] "You are the sole judge of all questions of fact in this case, the weight of the evidence and the credibility of witnesses. In determining the credibility of the various witnesses who have appeared before you, you will determine whether or not they have any interest in this case, you will note their appearance upon the witness stand, whether or not they are biased or prejudiced in any respect, determine their knowledge of the things concerning which they have testified, whether or not their testimony can be harmonized with the other testimony in the case, and take into consideration any other fact or circumstance which may have a bearing upon the credibility of the witness."

wholly subsume all aspects of the requested special instructions does not necessarily mandate its delivery if, as the state argues here, the special instructions are otherwise inappropriate or nonpertinent to the facts of the case.

Thus, it is clear that a court's instructions to the jury should be addressed to the actual issues in the case as posited by the evidence and the pleadings. *E.g., State* v. *Rogers* (1975), 43 Ohio St. 2d 28, certiorari denied (1976), 423 U. S. 1061; *State* v. *Cox* (1975), 42 Ohio St. 2d 200, 207; *State* v. *Linder* (1907), 76 Ohio St. 463. See *United States* v. *Maselli* (C.A. 6, 1976), 534 F. 2d 1197; *Jackson* v. *United States* (C.A. 6, 1950), 181 F. 2d 822. Abstract rules of law or general propositions, even though correct, ought not to be given unless specifically applicable to facts in issue. *E.g., State* v. *Loudermill* (1965), 2 Ohio St. 2d 79; *Scott* v. *State* (1923), 107 Ohio St. 475, paragraph three of the syllabus. Cf. *Patterson* v. *United States* (C.A. 6, 1915), 222 F. 599, certiorari denied 238 U. S. 635. These principles govern the giving of instructions on necessary substantive law, as well as the giving of cautionary instructions relating to the duty of jurors in weighing evidence, finding burdens of proof, and so on.

The determination of whether a cautionary instruction of the type in question should be given will, therefore, depend in large measure on whether a resolution by the jury of the disputed issues in the case requires or will be clearly assisted by the instruction. It is obvious that such determination cannot be directed by a general rule, but must be decided upon the particular facts of the case by the exercise of sound discretion. As this court held in *State* v. *Nelson* (1973), 36 Ohio St. 2d 79, 84-85, with respect to a trial court's failure to give a requested instruction on the defendant's right to elect not to testify:

"However, we are of the opinion that the record in this case did present an atmosphere wherein the trial court rejected the better side of its discretionary authority.* * *

"The principle propounded in the requested instruction was sound in law and appropriate to the facts of the case. The trial court abused its discretion in refusing the instruction constituting prejudicial error in this case." See, also, *State* v. *Roberts* (1976), 48 Ohio St. 2d 221, 224-225, vacated on other grounds (1977), 438 U.S. 910.

272

In the instant case, unlike *Nelson,* we conclude that the trial court exercised its discretion against giving the requested instruction and, upon the particular facts of this case, we find no abuse of that discretion. Those infirmities said to attach to eyewitness identification necessitating a cautionary instruction are largely or wholly absent under the facts of this case. The eyewitness, Lieutenant Nieman, was a trained and experienced officer and, indeed, an instructor of other police officers. The physical circumstances surrounding his observation were optimum, and the intervals of observation were sufficient for accurate perception and memory recall. His initial description of his assailant was given the same night as the shooting and was generally consistent with the physical characteristics of the defendant. The subsequent identification of the defendant from the photographs and lineup was both immediate and without equivocation. In short, it is evident to us that the exercise of discretion by the trial court in deciding that the factual issues present in the case did not require, and would not have been assisted by, the requested instructions, and that the issue of determining identity beyond a reasonable doubt was adequately covered by other instructions, was appropriate and without attendant error.

In reaching our conclusion that the matter should rest in the sound discretion of the trial court, we are in accord with the result reached in *United States* v. *Telfaire* (C.A.D.C. 1972), 469 F. 2d 552, from which the appellant derived the form of the requested instruction. See footnote 1, *supra.* In *Telfaire,* while recognizing the need for such cautionary instructions in the appropriate case, the court declined to find error in the failure of the district court to give the instruction, noting that:

"* * * [W]e have taken into account that in the circumstances of a particular case, the proof, contentions and general instructions may have so shaped the case as to convince us that in any real sense the minds of the jury were plainly focused on the need for finding the identification of the defendant as the offender proved beyond a reasonable doubt. * * *

"* * * Here the victim has an adequate opportunity to observe, and the testimony revealed a spontaneous identification of the defendant in the lobby * * *." *Id.* at 556.

Similarly, in *United States* v. *Scott* (1978), 578 F. 2d 1186,

the Court of Appeals for the Sixth Circuit noted a favorable reception in other federal circuits of the *Telfaire* instruction, but nonetheless concluded:

"We agree with the decisions cited above that in appropriate cases the *Telfaire* instruction may be used at the discretion of the trial court to deal 'realistically with the shortcomings and trouble spots of the identification process.'***In the present case, however, it is evident that the refusal to give such an instruction was without prejudice to the rights of the defendant." *Id.* at 1191 (citation omitted). See *United States* v. *Boyd* (C.A. 6, 1980), 620 F. 2d 129.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, POTTER, LOCHER, HOLMES and C. BROWN, JJ., concur.

POTTER, J., of the Sixth Appellate District, sitting for P. BROWN, J.

PALMER, J., of the First Appellate District, sitting for SWEENEY, J.