OPINION
On January 16, 1997, the Stark County Grand Jury indicted appellant, Salladen Hall, on one count of carrying a concealed weapon in violation of R.C. 2923.12 and one count of having weapons while under disability in violation of R.C. 2923.13. These charges arose from an arrest on January 11, 1997 as a result of an incident involving appellant and Canton Police Officer Eric Stanbro on November 26, 1996.
A jury trial commenced on March 4, 1997. The jury found appellant guilty as charged. By judgment entry filed March 10, 1997, the trial court sentenced appellant to consecutive terms of fifteen months and ten months.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE TRIAL COURT COMMITTED PLAIN ERROR BY DENYING THE DEFENDANT/APPELLANT, MR. SALLADEN HALL, HIS RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTION SIXTEEN OF THE OHIO CONSTITUTION WHEN THE TRIAL COURT FAILED TO DECLARE A MISTRIAL, OR IN THE ALTERNATIVE, PROVIDE AN ADEQUATE INSTRUCTION TO THE JURY THAT THEY WERE NOT TO CONSIDER CERTAIN EVIDENCE WHICH HAD BEEN EXCLUDED BY THE TRIAL COURT.
II
 THE JURY VERDICT OF GUILTY ON THE CHARGES OF CARRYING A CONCEALED WEAPON AND HAVING WEAPONS WHILE UNDER DISABILITY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
III
 THE FAILURE OF DEFENDANT/APPELLANT'S TRIAL COUNSEL TO FILE A MOTION TO SUPPRESS EVIDENCE AND REQUEST A MISTRIAL RESULTED IN THE DEFENDANT/APPELLANT RECEIVING INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
 I
Appellant claims the trial court erred in failing to declare a mistrial or in the alternative, provide a specific instruction to the jury. We disagree.
This assignment of error centers around Officer Stanbro's testimony that after arresting appellant on January 11, 1997, appellant "stated he was wearing a black jacket and blue jeans that night [November 26, 1996]." T. at 67. The prosecution did not include this statement in the discovery packet provided to the defense. See, Response to Request for Discovery filed February 7, 1997.
Crim.R. 16 governs discovery and inspection. Subsection (E) (3) specifically provides the sanction for a failure to comply is left to the trial court's discretion:
 (3) Failure to comply. If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances.
Following Officer Stanbro's testimony on appellant's statement, the trial court instructed the jury as follows:
 Disregard the last statement wherein the witness gave some indication that a person identified any clothing. So disregard the identification of the clothing. You can consider the other statements that the witness has given testimony to.
T. at 68-69.
During deliberations, the jury requested the transcript of Officer Stanbro's testimony on appellant's statement. The trial court instructed the jury as follows:
 THE COURT: I will respond to the jury the Court will not provide a transcript. You are to use your collective memory of what the testimony was. You are not to consider any statements about clothing made by the Defendant to police officers.
T. at 143-144.
We note during the preliminary instructions to the jury, the trial court had explained when the trial court sustains an objection, they are to "completely disregard both the question and the answer." T. at 43. In addition, defense counsel did not request any further action on this issue.
Upon review, we find no error in the trial court's response to the Crim.R. 16 discovery violation, nor the necessity for declaring a mistrial sua sponte.
Assignment of Error I is denied.
 II
Appellant claims his conviction was against the manifest weight of the evidence. We disagree.
On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991),61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175.
Appellant argues Officer Stanbro's identification was weak, and the evidence fails to establish he was the person who drew a weapon on the police while being chased by them on November 26, 1996.
Appellant admitted to the police he was the driver of the vehicle on the night in question. T. at 67. Officer Stanbro identified appellant in the courtroom after stating the suspect had "turned and looked right at me." T. at 58, 63-64. Officer Stanbro testified he felt confident he could identify the suspect if he saw him again (T. at 62); he recognized appellant as the suspect from a photo (T. at 63); and he recognized appellant "right away" upon seeing him again. T. at 65. We note the trial court properly gave the identification charge to the jury pursuant to U.S. v. Telfaire (C.A.D.C. 1972), 469 F.2d 552; State v. Guster
(1981), 66 Ohio St.2d 266. T. at 133-134.
Upon review, we find sufficient credible evidence, if believed, to support appellant's convictions, and no manifest miscarriage of justice.
Assignment of Error II is denied.
 III
Appellant claims he was denied the effective assistance of counsel. Specifically, appellant claims his trial counsel failed to file a motion to suppress the evidence based upon an illegal stop and the failure to give Miranda warnings, failed to file a motion to suppress Officer Stanbro's pretrial identification of appellant and failed to request a mistrial or an appropriate jury instruction on the Crim.R. 16 statement discussed in Assignment of Error I. We disagree.
The standard this case must be measured against is set out inState v. Bradley (1989), 42 Ohio St.3d 136, 142, cert. denied110 S.Ct. 3258. Appellant must establish two criteria:
 1) [C]ounsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition,
2) [P]rejudice arises from counsel's performance.
In order to warrant reversal, appellant must establish ". . . but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland v. Washington (1984),466 U.S. 668, 696.
Appellant was arrested on January 11, 1997 after Officer Stanbro stopped a vehicle in which appellant was a passenger. Appellant argues this stop was without probable cause. We disagree. Officer Stanbro testified he and his partner initially determined the vehicle was suspicious because it was a rental with an obvious underage driver. T. at 64-65. Thereafter, Officer Stanbro specifically observed and identified appellant from the November 26, 1996 incident sitting in the back seat. T. at 65. Acting upon outstanding warrants for appellant's arrest, Officer Stanbro and his partner stopped the vehicle. T. at 64-66. A motion to suppress based upon an illegal stop would have been frivolous.
Although Officer Stanbro testified to appellant's statements to him at trial, it is impossible from the record sub judice to determine if Miranda warnings were given due to the nature of the examination at trial.
Appellant argues Officer Stanbro's pretrial identification of him was overly suggestive. We disagree. The test used by courts is whether a pretrial identification is suggestive and, given the totality of the circumstances, is reliable. State v. Moody
(1978), 55 Ohio St.2d 64.
Officer Stanbro testified he knew he would recognize the suspect of November 26, 1996 if he saw him or his photo. T. at 62. Officer Stanbro testified to his identification of appellant as follows:
 Q. Without going into statements of other people, did you come to obtain a photograph?
 A. Yes. A photograph was given to me by someone of who was believed to be in the vehicle and I recognized it as the man that was in the dark jacket, blue jeans with the gun.
Q. Who provided you with that photograph?
A. Officer Mercorelli.
On January 11, 1997, Officer Stanbro recognized appellant in the back seat of a vehicle. T. at 65. Although handing a witness one specific photo is suggestive, we find the identification subjudice did not violate appellant's due process rights. The witness was a police officer who had the availability of all sorts of suggestive photos and immediately recognized appellant six weeks after the photo identification.
As for the ineffective assistance of counsel argument regarding the Crim.R. 16 statement, we found in Assignment of Error I the trial court did not abuse its discretion in handling this issue therefore, this argument is moot.
Assignment of Error III is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
Farmer, P.J., Hoffman, J. and Reader, J. concur.