OPINION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Wood County Court of Common Pleas that found appellant guilty of one count of robbery. For the reasons that follow, this court affirms the judgment of the trial court.
Appellant sets forth the following assignments of error:
"FIRST ASSIGNMENT OF ERROR
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY ITS REFUSAL TO INSTRUCT THE JURY ON THE LESSER INCLUDED OFFENSE OF THEFT WHEN THE EVIDENCE REASONABLY SUPPORTED SAID INSTRUCTION, THEREBY VIOLATING APPELLANT'S RIGHT TO A FAIR TRIAL PURSUANT TO THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE 1, § 10 OF THE OHIO CONSTITUTION.
"SECOND ASSIGNMENT OF ERROR
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY ITS REFUSAL TO INSTRUCT THE JURY ON O.R.C. § 2911.02(A)(3), AN INFERIOR DEGREE OF ROBBERY WHEN THE EVIDENCE REASONABLY SUPPORTED SAID INSTRUCTION, THEREBY VIOLATING APPELLANT'S RIGHT TO A FAIR TRIAL PURSUANT TO THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, § 10 OF THE OHIO CONSTITUTION.
"THIRD ASSIGNMENT OF ERROR
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY ITS REFUSAL TO INSTRUCT THE JURY ON THE PROVISIONS OF O.R.C. § 2935.041 WHERE SUCH INSTRUCTION WOULD HAVE ALERTED THE JURY TO A MERCHANT'S OBLIGATIONS UNDER THE CIRCUMSTANCES OF THIS CASE, THEREBY VIOLATING APPELLANT'S RIGHT TO A FAIR TRIAL PURSUANT TO THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, § 10 OF THE OHIO CONSTITUTION.
"FOURTH ASSIGNMENT OF ERROR
 FAILURE OF THE TRIAL COURT TO EXPLICITLY GRANT DEFENDANT'S MOTION FOR SEPARATION OF WITNESSES, AND ITS SUBSEQUENT FAILURE TO INSTRUCT WITNESSES REGARDING THEIR OBLIGATION TO NOT DISCUSS TRIAL TESTIMONY WITH REMAINING WITNESSES FOLLOWING THEIR OWN TESTIMONY, DENIED APPELLANT A FAIR TRIAL PURSUANT TO THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, § 10 OF THE OHIO CONSTITUTION.
"FIFTH ASSIGNMENT OF ERROR
 "DEFENDANT-APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS RIGHTS UNDER THE SIXTH
AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, § 10 OF THE CONSTITUTION OF THE STATE OF OHIO."
The undisputed facts that are relevant to the issues raised on appeal are as follows. On December 19, 1997, appellant was arrested after he walked out of a K-Mart in Perrysburg, Ohio, with stereo equipment for which he had not paid. On January 22, 1998, appellant was indicted on one count of robbery in violation of R.C. 2903.11(A)(2). Appellant entered a plea of not guilty, and on July 16, 1998, the matter came to trial before a jury. The following relevant testimony was presented.
V. Joseph Zielinski, a lieutenant with the Perrysburg Township Police Department, testified that he responded to a call from K-Mart on December 19, 1997, and identified the man who was in custody as Ricardo Oviedo.
Hidie Bowman testified that she is a loss control manager for K-Mart Corporation and that on December 19, 1997, she was working in the Perrysburg K-Mart because the store had experienced a lot of shoplifting recently. Bowman stated that she was "touring the store" when she noticed a man enter and go directly to the electronics department with a shopping cart. She testified that he put a stereo in his cart, looked around, and then walked toward the doors. Bowman stated that she watched appellant from the time he entered the store until he left. When appellant got to the front of the store, Bowman and Debbie Walker, another loss control manager, approached the door. Walker stayed by the service desk and Bowman walked outside while appellant stood by a display for a few minutes. She further stated that appellant did not make any attempt to stop at a cash register and pay for the stereo, which was valued at $199.99. Bowman testified that appellant walked out the doors onto the sidewalk and when she tried to stop him he hit her in the jaw with his closed fist. Walker ran out and tried to grab appellant and he struck Bowman again. As the women struggled with appellant, a male customer approached and helped subdue him. Appellant was then handcuffed and taken into the store. Bowman testified that later that night she went to the hospital and was treated for a dislocated jaw, two broken teeth and a bruised chest.
Debbie Walker testified that she is a loss control manager for K-Mart and was working at the Perrysburg store on December 19, 1997. Walker observed appellant put the stereo in his shopping cart and followed him as he walked toward the front doors. She went to the service desk to call for back-up and then saw appellant hit Bowman in the face. Walker went outside and struggled with appellant. She stated that appellant kicked her in the stomach and that she was bruised as a result.
Kim Glassner testified that she is a loss control manager for K-Mart. Glassner also was involved in the surveillance and apprehension of appellant. She stated that appellant kicked her in the groin as she tried to place handcuffs on him and that she was bruised as a result of being kicked.
Sharon Dindal, a loss control manager for K-Mart, testified that she was involved in apprehending appellant. When she tried to assist Bowman, appellant kicked her and twisted her wrist. She suffered a strained wrist and had bruises on her legs and arm.
Christia Klink testified that she was working in the electronics department when she answered a call to the service desk to help a customer. While there, she saw the struggle between appellant and the other employees in front of the store.
Frank Urban testified that he was shopping at K-Mart when he noticed the female employees who were struggling with appellant outside the store. Urban stated that he grabbed appellant and tried to hold him still until he was handcuffed. Urban stated that appellant appeared to be the aggressor in the struggle.
The state rested its case and Joe Hernandez testified for the defense. Hernandez stated that on the night of December 19, 1997, appellant asked him if he would drive him to the store. Hernandez drove appellant to K-Mart and pulled up in front of the store. Appellant said he would be back in ten or fifteen minutes and went inside. Hernandez waited in the car and then saw appellant come out followed by "a little blond," who was trying to grab him. Hernandez also saw four or five other people trying to grab appellant. At that point, Hernandez drove away.
On July 16, 1998, the jury found appellant guilty of one count of robbery. On August 14, 1998, appellant was sentenced to six years incarceration.
Appellant's first and second assignments of error will be addressed together. Appellant asserts that the trial court erred by denying his request for jury instructions on R.C.2911.02(A)(3), which is an inferior degree of R.C. 2911.02(A)(2), and on the offense of theft, R.C. 2913.02, which is a lesser included offense of robbery. Appellant argues that the evidence presented at trial reasonably supported an instruction on theft.
Appellee responds that there was no basis for instructions on theft or on the inferior degree of robbery because the evidence did not support an acquittal on the crime charged.
R.C. 2911.02, robbery, provides in relevant part:
 "(A) No person, in attempting or committing a theft offense, or in fleeing immediately after the attempt or offense, shall do any of the following:
"* * *
 "(2) Inflict, attempt to inflict, or threaten to inflict physical harm on another;
 "(3) Use or threaten the immediate use of force against another. * * *" [Emphasis added.]
"Physical harm to persons" is defined in R.C.2901.01(A)(3) as "any injury, illness, or other physiological impairment, regardless of its gravity or duration."
R.C. 2913.02, theft, provides in relevant part:
 "(A)No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
 "(1) Without the consent of the owner or person authorized to give consent;
 "(2) Beyond the scope of the express or implied consent of the owner or person authorized to give consent;
"(3) By deception;
"(4) By threat. * * *"
Appellee does not dispute that theft under R.C.2913.02(A) is a lesser included offense of robbery and that R.C.2911.02(A)(3) is an inferior degree of R.C. 2911.02(A)(2).
The Ohio Supreme Court has held: "If under any reasonable view of the evidence it is possible for the trier of fact to find the defendant not guilty of the greater offense and guilty of the lesser offense, [a jury] instruction on the lesser included offense must be given." State v. Wilkins (1980), 64 Ohio St.2d 382,388. See, also, State v. Williams (1996), 74 Ohio St.3d 569,574. Citing State v. Tyler (1990), 50 Ohio St.3d 24, 37, the Supreme Court of Ohio in State v. Shane (1992), 63 Ohio St.3d 630,632, stated that the test for whether the trial court should give an instruction on an inferior degree offense is the same test applied when an instruction on a lesser included offense is sought.
This court has thoroughly reviewed the evidence presented at appellant's trial, including the testimony of witnesses Bowman, Walker, Glassner and Dindal that they were injured by appellant when they apprehended him outside the store. We find that "under any reasonable view" of that testimony, as expressed in Wilkins, supra, the evidence clearly would not have supported an acquittal on the robbery offense as charged.
Accordingly, we find that the trial court did not err by denying appellant's requested jury instructions on a lesser included offense and an inferior degree offense, and appellant's first and second assignments of error are not well-taken.
In his third assignment of error, appellant asserts that the trial court erred by refusing to instruct the jury as to R.C.2935.041, which provides that a merchant shall not use undue restraint when detaining a person suspected of unlawfully taking something from a place of business. Appellant argues that R.C.2935.041 was relevant to the issues before the jury.
R.C. 2935.041 provides in relevant part:
 "(A) A merchant, or his employee or agent, who has probable cause to believe that items offered for sale by a mercantile establishment have been unlawfully taken by a person, may, for the purposes set forth in division (C) of this section, detain the person in a reasonable manner for a reasonable length of time within the mercantile establishment or its immediate vicinity.
"* * *
 "(C) * * * a merchant or his employee or agent pursuant to division (A) of this section may detain another person for any of the following purposes:
 "(1) To recover the property that is the subject of the unlawful taking, criminal mischief, or theft;
 "(2) To cause an arrest to be made by a peace officer;
"* * *
 "(D) * * * the merchant or his employee or agent acting under division (A) or (B) of this section shall not * * * use undue restraint upon the person detained. * * *"
"* * * [A] court's instructions to the jury should be addressed to the actual issues in the case as posited by the evidence and the pleadings." State v. Guster (1981), 66 Ohio St.2d 266,271. A determination as to jury instructions is a matter left to the sound discretion of the trial court. Id. "In reviewing a record to ascertain the presence of sufficient evidence to support the giving of an * * * instruction, an appellate court should determine whether the record contains evidence from which reasonable minds might reach the conclusion sought by the instruction." Feterle v. Huettner (1971), 28 Ohio St.2d 54, at the syllabus.
This court is unable to find the slightest evidence in the record from which reasonable minds might conclude that the K-Mart security personnel involved in apprehending appellant used "undue restraint" or in any way committed a violation of R.C.2935.041. Accordingly, the trial court did not abuse its discretion in refusing to give an instruction as to the provisions of R.C. 2935.041, and appellant's third assignment of error is not well-taken.
In his fourth assignment of error, appellant asserts that he was prejudiced by the trial court's failure to instruct the witnesses regarding their obligation not to discuss anything that occurred in the courtroom with each other, and that the trial court should have granted a mistrial when a defense witness informed the court that he overheard witnesses talking to each other about their testimony. Appellant argues that despite the fact that the trial court did not issue an explicit order for separation of witnesses after the defense so requested, there was an implied granting of the request given the fact that witnesses were required to wait outside the courtroom during the trial.
Appellee agrees with appellant that the trial court failed to formally instruct the witnesses as to their obligation not to discuss their testimony with one another. Appellee responds, however, that the trial court correctly ruled after its voir dire of the witnesses that there had been no material violation of a separation order.
After the defense rested its case, defense counsel informed the court that Joe Hernandez had told him that while he was sitting outside the courtroom, he heard witnesses for the state discussing their testimony. After the state presented its rebuttal witness, the trial court questioned each witness separately. Witness Hidie Bowman told the court that the prosecutor had told her on several occasions, including the day of trial, not to discuss her testimony with anyone. She stated that she did not talk about her testimony with any other witnesses, other than to tell them that she had been nervous, and said they had discussed other similar incidents at other stores. Christia Klink told the court that the prosecutor had told her not to discuss her testimony with other potential witnesses.
Witness Sharon Dindal testified that she had not been told not to discuss her testimony but that she nonetheless had not talked over her testimony with any of the other witnesses. Debbie Walker testified that the prosecutor told her not to discuss her testimony with anyone. She stated that she did not talk about her testimony with the other witnesses and said they had not discussed their testimony in her presence. Kim Glassner testified that the prosecutor told her before trial not to discuss her testimony with anyone and stated that she had followed those instructions. She further stated that none of the other witnesses had discussed their testimony in her presence. Frank Urban testified that the prosecutor had told him not to talk to anyone about his testimony. He stated that he did not discuss his testimony with anyone outside the courtroom and did not hear anyone else discussing their testimony.
Joe Hernandez testified that he had spent most of the afternoon sitting outside the courtroom with the other witnesses. He stated that as the witnesses came out of the courtroom they would talk about what they had been asked and what they had said. Hernandez testified that after the witnesses came out "they would tell their side of the story" and discuss what appellant had done. He testified that he heard "partial parts" of their conversations and that they talked about appellant elbowing someone and hurting her pretty bad. He stated that he did not have a good memory but recalled witnesses saying "how they was supposed to have grabbed him and cuffed him and stuff."
After the voir dire, the trial court found "insufficient evidence that there was any material violation * * * or anything that would effect [sic] the testimony of any witness."
Through voir dire, the trial court learned that five of the six state's witnesses had been cautioned by the prosecutor not to discuss their testimony with the others. Dindal, the only witness who said she had not been cautioned by the prosecutor, did say that she had not talked to the others about her testimony. Everyone except Klink testified that they had not talked to the others about their testimony. The record shows, however, that Klink was not asked by either attorney whether she had talked to the others about her testimony.
As to appellant's claim that the trial court should have granted a mistrial based on the allegations of Hernandez, such a decision rests within the sound discretion of the trial court.State v. Sage (1987), 31 Ohio St.3d 173, 182, citing State v.Williams (1975), 43 Ohio St.2d 88. "The term `abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. It appears that the trial court determined that the testimony of the six state's witnesses, which showed no irregularities in their conduct, outweighed that of Hernandez, which revealed little of substance. Upon consideration of the foregoing, we find that the trial court's determination that there had not been a material violation of what was intended to be a separation order was not an abuse of discretion and appellant's fourth assignment of error is not well-taken.
In his fifth assignment of error, appellant asserts that he was denied effective assistance of trial counsel.
Appellant claims his attorney failed to note that the trial court had not formally granted his motion for separation of witnesses or instructed the witnesses as to their obligations under such an order, and failed to move the court for a mistrial when Hernandez came forward with the allegations of witness misconduct.
To prevail on a claim of ineffective assistance of counsel, appellant must show that counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. This standard requires appellant to satisfy a two-part test. First, appellant must show that counsel's representation fell below an objective standard of reasonableness. Second, appellant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different when considering the totality of the evidence that was before the court. Strickland v. Washington (1984),466 U.S. 668. This test is applied in the context of Ohio law that states that a properly licensed attorney is presumed competent. State v.Hamblin (1988), 37 Ohio St.3d 153.
Appellant's trial counsel participated in the questioning of all of the witnesses. It is clear that at the conclusion of the voir dire, counsel made a tactical decision not to move for a mistrial based on the testimony that had just been given. Upon consideration of the entire record of proceedings in this case, this court finds nothing that would indicate that appellant's counsel's representation fell below an objective standard of reasonableness. Accordingly, appellant's fifth assignment of error is not well-taken.
On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Wood County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J.
James R. Sherck, J.
Richard W. Knepper, J.
CONCUR.