OPINION
On April 27, 2000, the Perry County Grand Jury indicted appellant, Joshua D. Warthman, on one count of felonious assault in violation of R.C. § 2903.11(A)(2). Said charge arose from an incident which occurred on late October 2, 1999, and into early October 3, 1999, wherein Appellant struck Floyd Corwin, the alleged victim, in the back of the head while holding a sandstone rock in his hand. A jury trial commenced on July 12, 2000. Appellant did not testify at trial. The jury found appellant guilty as charged. By judgment entry filed September 7, 2000, the trial court sentenced appellant to seven (7) years actual incarceration in prison. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I. THE TRIAL COURT ERRED IN FAILING TO SUPPRESS DEFENDANT'S STATEMENTS TO LAW ENFORCEMENT.
 II. THE TRIAL COURT COMMITTED PLAIN ERROR IN FAILING TO INSTRUCT THE JURY ON LESSER INCLUDED OFFENSES.
 III. DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO TESTIFY.
 IV. DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL.
 V. THE JURY VERDICT WAS AGAINST THE MANIFEST WEIGHT OF EVIDENCE AND NOT SUPPORTED BY SUFFICIENT EVIDENCE.
VI. THE TRIAL COURT ERRED IN SENTENCING DEFENDANT.
 I.
Appellant claims that the trial court erred in failing to suppress his statements to law enforcement. We disagree. On appeal, appellant challenges the trial court's decision as to the ultimate issue raised in his motion to suppress. He does not contend the trial court's findings of fact are against the manifest weight of the evidence or that the trial court applied the wrong law. When reviewing this type of claim, we must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93, 96; State v. Claytor (1993), 85 Ohio App.3d 623, 627; and State v. Guysinger (1993),86 Ohio App.3d 592, 594. It is based on this standard that we review Appellant's first assignment of error. The thrust of appellant's argument on appeal is that the Miranda warnings which had been previously given to him were no longer effective because too much time had passed. Miranda v. Arizona (1966), 384 U.S. 436. The standard by which we measure this argument is set forth in State v. Roberts, (1987), 32 Ohio St.3d 225, citing State v. Burge (1985), 195 Conn. 232, 487 A.2d 532, wherein the Court stated: Early Miranda warnings may be constitutionally sufficient if they precede interrogation that directly produces information so immediately incriminating that the defendant's status within a relatively brief period of time becomes that of a suspect in custody. The test is whether the warnings given are, in light of the particular facts and the totality of the circumstances, sufficiently proximate in time and place to custodial status to serve as protection `from the coercive pressures that can be brought to bear upon a suspect in the context of custodial interrogation.
In considering the totality of the circumstances, the Supreme Court in Roberts set forth the following criteria: (1) The length of time between the giving of the first warnings and subsequent interrogation, (2) whether the warnings and the subsequent interrogation were given in the same or different places, (3) whether the warnings were given and the subsequent interrogation conducted by the same or different officers, (4) the extent to which the subsequent statement differed from any previous statements; (5) the apparent intellectual and emotional state of the suspect. Applying these standards to the case sub judice, we note that Appellant was advised of his Miranda rights prior to being questioned by Officer Findlay (Suppression T. at 28, 44-45). Approximately two hours later, Appellant was asked if he had been advised of his rights, if he understood his rights and if he wanted to speak to the Sheriff, prior to commencement of questioning by Sheriff Barker. Appellant answered yes to these questions. (Suppression T. at 32, 48). Officers Findlay and Foraker were also present during said questioning. Less than one-half hour later, Appellant was again questioned and was again asked if he had been advised of his rights, to which he answered affirmatively. The Miranda rights were given to Appellant at the Sheriff's department, where all three interrogations took place. The warnings were given by police officers, and the interrogations were conducted by police officers. Appellant's second and third statements did not differ significantly from statements made by him in the first interview. The officers stated that Appellant did not appear to be intellectually and/or emotionally upset. (Suppression T. at 35, 41, 51-52). Base on the above, this Court finds that the warnings given at the time of arrest satisfy the criteria necessary to satisfy the totality-of-circumstances test. Appellant's Assignment of Error I is denied.
 II.
In his Second Assignment of Error, Appellant contends the trial court committed plain error in failing to give an instruction on lesser included offenses. We disagree. The record indicates that Appellant did not request an instruction on a lesser included offense nor did he object to the trial court's failure to give an instruction on a lesser included offense. Crim.R. 30(A) provides, in pertinent part: * * * On appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection. * * *
Appellant having failed to object, we must analyze this matter under a plain error analysis pursuant to Crim.R. 52(B), which provides as follows: (B) Plain error Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.
Notice of plain error is to be taken with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus; State v. Cooperrider (1983), 4 Ohio St.3d 226, 227. It is based on this standard that we review appellant's assignment of error. "A trial court's instructions to the jury should address the actual issues in the case as warranted by the evidence and the pleadings." State v. Brown (Feb. 29, 1996), Cuyahoga App. No. 68761, unreported, at 7, citing State v. Guster (1981), 66 Ohio St.2d 266, 271. There must be some evidence presented at trial, on the issue, to warrant an instruction. State v. Thomas (1988), 40 Ohio St.3d 213, paragraph two of the syllabus. Appellant was charged, and found guilty of felonious assault in violation of R.C. 2903.11(A)(2), which states, in pertinent part: (A) No person shall knowingly do either of the following: (1) * * * (2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance
Appellant admitted, in his taped statement, that he struck Floyd Corwin in the head and that he held a piece of sandstone rock in his hand at the time. (T. of Appellant's Statement at 111, 167, 170). There was no evidence presented at trial that Appellant did not have a rock in his hand at the time he stuck Floyd Corwin. The question therefore is whether the rock is a "deadly weapon" under the statute. Revised Code §2923.11(A) defines a "deadly weapon" as any instrument, device or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried or used as a weapon." At trial, the Franklin County Deputy Coroner testified that a sandstone rock is capable of inflicting death. (T. at 200). There was no evidence presented that would have required the trial court to give an instruction on the lesser included offense of assault. Appellant's Assignment of Error II is denied.
 III.
Appellant claims that he was denied his constitutional right to testify. We disagree. Appellant did not testify at the jury trial in this matter. A trial court is not required to inquire of the Appellant as to decision not to testify nor is the trial court required to advise the Appellant of his right to testify. State v. Bey (1999), 85 Ohio St.3d 487. Appellant's Assignment of Error III is denied.
 IV.
Appellant contends he received ineffective assistance of counsel because defense counsel should have requested an instruction on lesser included offenses or objected to the trial court's failure to give an instruction on said lesser included offenses. We disagree. A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Strickland v. Washington (1984), 466 U.S. 668; State v. Bradley (1989), 42 Ohio St.3d 136. In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists counsel's conduct fell within the wide range of reasonable, professional assistance. Id. In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. "Prejudice from defective representation sufficient to justify reversal of a conviction exists only where the result of the trial was unreliable or the proceeding fundamentally unfair because of the performance of trial counsel." State v. Carter (1995),72 Ohio St.3d 545, 558, citing Lockhart v. Fretwell (1993), 506 U.S. 364. Appellant first contends that his counsel was ineffective in failing to file a motion to dismiss based on a violation of the speedy trial provisions contained in R.C. § 2945.71. A review of the record shows that Appellant signed a time waiver of such on May 9, 2000. Secondly, Appellant claims that his counsel was ineffective in failing to object to Dr. Fardal's opinion that being struck in the back of the head with a rock can result in death and further failed to cross-examine him on same. Appellant has not demonstrated that his defense counsel's decision not to object and/or cross-examine Dr. Fardal was not valid trial strategy. A defendant is not denied effective assistance of counsel when defense counsel chooses, for strategic reasons, not to pursue every possible trial tactic. State v. Brown (1988), 38 Ohio St.3d 305, 319, certiorari denied (1989), 489 U.S. 1040. Appellant's third argument is that his trial counsel's was ineffective in failing to call witnesses in Appellant's defense, including a witness to testify with regard to the presence of sandstone in the area where the incident occurred. Appellant has failed to demonstrate that such would have changed the outcome of the trial or that such was not a trial strategy. State v. Sneed (1992),63 Ohio St.3d 3. Appellant's fourth argument as to ineffectiveness of his trial counsel is that his counsel failed to request jury instructions on the lesser included offense of assault. As stated in Assignment of Error II, there was no evidence presented at trial that would have required the trial court to give an instruction on lesser included offense. Further, appellant has not demonstrated that his defense counsel's decision not to request a jury instruction on the lesser included offense of assault was not valid trial strategy. Again, a defendant is not denied effective assistance of counsel when defense counsel chooses, for strategic reasons, not to pursue every possible trial tactic. Brown, supra. Therefore, we conclude defense counsel's decisions do not meet the test for ineffective assistance of counsel. Appellant's Assignment of Error IV is overruled.
 V.
Appellant claims his conviction was against the manifest weight and sufficiency of the evidence. We disagree. On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. As stated previously, Appellant was convicted of felonious assault in violation of R.C. §2903.11(A)(2) which states in pertinent part the following: (A) No person shall knowingly do either of the following: (1) * * * (2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance
Appellant argues that his conviction should be overturned because in his statement alleged that he struck the Floyd Corwin with his knuckles and not with the rock he was holding in his hand. Therefore, appellant argues that this statement was uncontroverted at trial therefore he should not have been convicted of felonious assault. The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v. Jamison (1990), 49 Ohio St.3d 182. Upon review, we find substantial credible evidence, if believed, to support the conviction, and no manifest miscarriage of justice. Assignment of Error V is denied.
 VI.
Appellant claims that the trial court abused its discretion by imposing a sentence on Appellant of seven years actual incarceration and that such sentence was contrary to law. We disagree. As a preliminary matter, we note we no longer review sentencing under an abuse of discretion standard. After 1995 Senate Bill 2, an appellate court's review of an appeal from a sentence was modified. R.C. 2953.08 provides, in pertinent part:
 (G)(1) The court hearing an appeal of a sentence * * * may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the trial court for re-sentencing if the court clearly and convincingly finds any of the following:
 (d) That the sentence is otherwise contrary to law. Accordingly, we review the sentence under these guidelines." State v. Boyd (Sept. 27, 1999), Stark App. No. 1999CA00045, unreported, 1999 WL 770792. Appellant was convicted of a felony of the second degree. As such, there is no mandatory prison term required, R.C. 2929.13(F), but there is a presumption in favor of imprisonment, R.C. 2929.13(D). However, if an offender has not previously served a prison term, and is being sentenced to prison for a felony, a court is to impose the shortest term authorized for the offense unless the court finds on the record that the shortest prison term would demean the seriousness of the offender's conduct or would not adequately protect the public from future crime by the offender or others. R.C. 2929.14(B). In this case, appellant has not served a prison sentence previously. However, "R.C. 2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from further crimes before it can lawfully impose more than the minimum authorized sentence." State v. Edmonson (1999), 86 Ohio St.3d 324, 715 N.E.2d 131.
In the trial court's pronouncement of sentence, the trial court did make a finding that "This Court finds that the imposition of the minimum sentence would demean the seriousness of the offense. It does not adequately protect the public pursuant to Ohio Revised Code Section 2929.14(B)." (T. at 12). This finding satisfies the requirements of 2929.14(B) for imposing more than the shortest prison term authorized by law. Appellant was convicted of a second degree felony. The possible sentence for a second degree felony is 2, 3, 4, 5, 6, 7, or 8 years incarceration. Upon review of the record in this matter and the facts surrounding this incident, we find that the trial court's decision to sentence Appellant to seven years was not contrary to law. Appellant Assignment of Error VI is denied.
The decision of the trial court is affirmed.
 ___________ Boggins, J.
Hoffman, P.J. and Wise, J. concur.