[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas that found appellant guilty of one count of involuntary manslaughter in violation of R.C. 2903.04(A) and one count of aggravated arson in violation of R.C. 2909.02(A)(1) and imposed two terms of imprisonment to be served consecutively. For the reasons that follow, this court affirms the judgment of the trial court.
Appellant sets forth the following assignments of error:
"ASSIGNMENT OF ERROR NO. 1
 "THE GUILTY VERDICT SHOULD BE OVERTURNED AND THE CASE REMANDED TO THE TRIAL COURT BECAUSE APPELLANT-DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.
"ASSIGNMENT OF ERROR NO. 2
 "THE TRIAL COURT ERRED IN ALLOWING TESTIMONY OF ALLEGED PRIOR BAD ACTS.
"ASSIGNMENT OF ERROR NO. 3
 "THE TRIAL COURT ERRED IN INCLUDING THE INSTRUCTION OF COMPLICITY."
The undisputed facts that are relevant to the issues raised on appeal are as follows. On the night of August 19, 1993, fire destroyed a second-floor apartment located at 334 Broadway in Toledo. Ten-year-old Alicia Nour, unable to escape, died in the fire and several of her family members were injured. Investigators initially concluded that the fire was an accident but in August 2000, information came to light which led to the issuance of an indictment against appellant on December 29, 2000, charging him with one count of involuntary manslaughter and one count of aggravated arson in connection with the 1993 fire. On January 18, 2001, appellant was referred to the Court Diagnostic and Treatment Center for evaluation. After a hearing held on February 20, 2001 pursuant to R.C.2945.37 and 2945.38, the trial court found appellant competent to stand trial. The matter came on for trial on May 16, 2001, and two days later the jury returned with verdicts of guilty as to both counts. The trial court sentenced appellant to terms of seven to 25 years on each count, with the sentences to run consecutively. It is from that judgment that appellant appeals.
In his first assignment of error, appellant asserts that he was denied effective assistance of counsel and presents several arguments in support of his claim. To prevail on a claim of ineffective assistance of counsel, appellant must show that counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. This standard requires appellant to satisfy a two-part test. First, appellant must show that counsel's representation fell below an objective standard of reasonableness. Second, appellant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different when considering the totality of the evidence that was before the court. Strickland v. Washington (1984),466 U.S. 668. This test is applied in the context of Ohio law that states that a properly licensed attorney is presumed competent. Statev. Hamblin (1988), 37 Ohio St.3d 153.
Appellant first argues that trial counsel should have moved the court for an evaluation specifically to determine whether he should have entered a plea of not guilty by reason of insanity. The record shows that appellant was referred for a competency evaluation and that a hearing was held on the matter. Based upon the report prepared by Barbara MacIntyre, Ph.D., the trial court found appellant competent to stand trial. Appellant cites the psychologist's statement that "* * * [h]e did not evidence any signs or symptoms of serious mental illness today, nor has he been in treatment or taken medication for such an illness since shortly after his discharge from the hospital in 1997." Based on that statement, appellant claims it is evident that, "at some point in time," he suffered from mental illness and therefore his counsel should have requested an evaluation to determine his eligibility for an insanity plea. Appellant presents no evidence that trial counsel did not consider the issue of an insanity plea; it is entirely possible that, after reading the complete evaluation, counsel made a reasoned tactical decision that the findings in the report did not justify pursuing the issue of an insanity plea. This argument is without merit.
Appellant also argues that trial counsel should have pursued the issue of an alibi defense. Appellant cites the psychologist's statement that "* * * [h]is memory is vague for the time of the offense, but he offered an alibi nonetheless." Based upon that statement, appellant asserts that counsel should have presented an alibi defense. Appellant concludes that if he had an alibi, "he would not have been convicted." The issue, however, is not as clear-cut as appellant suggests, for although an alibi might have been presented, there is no assurance the jury would have believed it and acquitted him. Further, it is entirely possible that trial counsel discussed the matter with appellant and determined, as a matter of trial strategy, not to raise the issue. Accordingly, we find this argument to be without merit.
Next, appellant asserts that counsel was ineffective for failing to file a request for discovery or a motion for bill of particulars. Appellant argues that information received through discovery could have been used to attack the credibility of several of the state's witnesses. While there are no copies of either a request for discovery or a motion for a bill of particulars in the record before us, the record does contain a letter from the prosecutor to defense counsel in which the prosecutor states that he is in receipt of counsel's request for discovery. The letter further states that a copy of the state's file is enclosed and that all other discoverable information requested by counsel would be made available. The state responds on appeal that defense counsel made an oral motion for discovery and met with the prosecutor at least eight times to receive materials from the state's file. We note that there is no evidence in the record of any defense motions to compel discovery. It appears from the record that, contrary to appellant's claim, discovery was had in this case. This argument is found to be without merit.
Appellant also argues that trial counsel was ineffective for "rarely, if ever" objecting to leading questions. Appellant, however, fails to cite any specific instances during trial wherein the prosecutor was leading a witness and defense counsel should have objected. We find this argument to be without merit.
Appellant also argues that defense counsel cross-examined certain witnesses in such a manner as to substantiate hearsay testimony in one instance, and allow the witness to continue testifying about prior bad acts in another. As to the first instance, we have reviewed the testimony and counsel's cross-examination and find, first of all, that the testimony did not amount to hearsay, nor was it objected to as hearsay. Further, counsel's cross-examination did not substantiate the testimony in question but rather appears to have been an attempt to clarify the testimony given on direct and to point out its weaknesses. As to the second instance, wherein appellant claims defense counsel's cross-examination allowed a witness to continue to testify concerning prior bad acts, we find that the cross-examination actually was a clarification of the previous testimony and in fact brought out some points that were potentially beneficial to appellant. The testimony in question involved Toledo Police Sergeant Steve Forrester's statements regarding an interview with appellant during which appellant told the detective that he and a friend had set fires together when they were younger and that when he was young he burned his own house down. During cross-examination, defense counsel asked the detective whether, if he told him the incident occurred when appellant was only two years old, the detective would have any reason to doubt the truth of that statement. Counsel's cross-examination also emphasized that the detective did not know whether the house fire was ever determined to be arson. Based on the foregoing, we do not find that appellant was prejudiced by counsel's cross-examination of the witnesses and this argument is without merit.
Appellant also argues that he received ineffective assistance of counsel because counsel waived his right to a presentence report. A copy of appellant's criminal record check was before the trial court along with the report prepared by the psychologist for the pre-trial competency hearing. There is very little else, if anything, that a presentence investigation would have added to the information already available to the court, and we therefore find that appellant was not prejudiced by counsel not requesting that an investigation be prepared.
Lastly, appellant argues that he was prejudiced by counsel's failure to object to several remarks made by the state during closing argument.
The prosecution and the defense have wide latitude during opening and closing arguments and questions as to the propriety of these arguments are generally left to the trial court's discretion. See State v. Loza
(1994), 71 Ohio St.3d 61, 78; State v. Brown (1988), 38 Ohio St.3d 305,317. The Supreme Court of Ohio has noted that the prosecution "* * * is entitled to a certain degree of latitude in summation, * * *" State v.Lott (1990), 51 Ohio St.3d 160, 165, citing State v. Liberatore (1982),69 Ohio St.2d 583, 589. Further, "in the tension and turmoil of a trial, both the prosecution and the defense have wide latitude in summation as to what the evidence has shown and what reasonable inferences may be drawn therefrom." Lott, supra, at 165, citing Statev. Stephens (1970), 24 Ohio St.2d 76, 82. A closing argument must be reviewed in its entirety to determine whether prejudicial effect occurred. State v. Frazier (1995), 73 Ohio St.3d 323, 342.
In order to determine whether defense counsel was ineffective for failing to object to certain statements made by the prosecutor during closing, we must first consider whether the comments in question were improper. Appellant cites the prosecutor's comment that "I think we can agree to this: That Alicia's death was the result of the felony. * * * And that felony is aggravated arson." It appears to this court that the prosecutor was saying that he believed the state had proved that the fire in which Alicia Nour died was a case of aggravated arson. Of course, the prosecutor did not know at that point whether the jury would agree with him, but was expressing the state's theory. This comment was not prejudicial.
Appellant also claims that defense counsel should have objected to the prosecutor's comment that appellant "likes fire." Taken in the context of the entire closing argument, this brief comment is not prejudicial. Appellant further objects to the state's comment that statements made by one of the witnesses "* * * tell you that he set that fire." This is an acceptable statement characterizing witness testimony and is not improper. Appellant also claims that the state confused the issues by mischaracterizing testimony as to appellant's behavior the morning after the fire. In this situation, the jury can be relied on to use its collective memory of the testimony and determine whether the prosecutor's statement was accurate.
Appellant asserts that the state misled the jury by stating that one of the witnesses, who was recently sentenced in the Lucas County Court of Common Pleas on a felony conviction, was not offered a "deal" to testify. Appellant claims that the witness had testified to the contrary. A review of the relevant testimony shows that there was no evidence that the witness was offered a "deal" in exchange for his testimony against appellant. The witness stated that he had been subpoenaed to testify and that Detective Forrester had told him that if he did not appear in court he might have to go to jail. The prosecutor did not mislead the jury.
Appellant also claims that counsel should have objected when the prosecutor asserted that the testimony of two of its witnesses was credible because the testimony was, according to appellant, conflicting. Again, we find that the prosecutor's comment was not prejudicial.
Upon thorough consideration of the law and after reviewing the state's closing argument in its entirety, we find that defense counsel was not ineffective for failing to object to the remarks cited by appellant and, accordingly, appellant's first assignment of error is not well-taken.
In his second assignment of error, appellant asserts that the trial court erred by allowing testimony that appellant had started fires on other occasions. Appellant cites four instances wherein the trial court allowed such testimony. The record indicates that trial counsel did not object to three of the statements. Counsel objected to a fourth statement, but on the basis that it was hearsay. The first three alleged errors therefore were not properly preserved for appeal and are, accordingly, waived. See State v. Wogenstahl (1996), 75 Ohio St.3d 344. Our review of those comments, therefore, is discretionary and limited to plain error only. Crim.R. 52(B). While Crim.R. 52(B) provides that "* * * plain errors or defects affecting substantial rights may be noticed although they are not brought to the attention of the trial court[,]" notice of plain error must be taken with the utmost caution, under exceptional circumstances, and only in order to prevent a manifest miscarriage of justice. State v. Long, (1978), 53 Ohio St.2d 91; Statev. Landrum (1990), 53 Ohio St.3d 107, 111; State v. Franklin (1991),62 Ohio St.3d 118, 128. In order to prevail on a claim governed by the plain error standard, appellant must demonstrate that the outcome of his trial would clearly have been different but for the errors he alleges. See State v. Waddell (1996), 75 Ohio St.3d 163, 166. Thus, the alleged prosecutorial misconduct constitutes plain error only if it is clear that appellant would not have been convicted in the absence of the improper comments. See State v. Slagle (1992), 65 Ohio St.3d 597, 605. In cases such as this, the plain error standard generally presents "an almost insurmountable obstacle to reversal." State v. Carpenter (1996),116 Ohio App.3d 615, 621.
Appellant first cites the testimony of his former girlfriend, Shelby Silwa, that appellant told her in 1992 that he set some decorative feathers on fire in his mother's house and that a lot of the dining room had been burned as a result. Appellant also cited the testimony of Danny Frost, his uncle, that he and appellant had set fires in abandoned houses, garages and dumpsters when appellant was 12 or 13 years old, and the testimony of Detective Forrester that appellant told him he had burned his own house down when he was young.
Appellant argues that the prejudicial effect of the testimony quoted above outweighs any probative value it may have had. After a thorough review of the transcript of the trial, however, we are unable to find that the outcome of the trial clearly would have been different but for the testimony to which he now objects. In addition to the brief testimony cited by appellant, the jury also heard from Derick Newlan, who testified that he was with appellant on the night of August 19, 1993 and saw appellant light "quite a few" items on fire in the building located at 334 Broadway. The jury also heard Danny Frost testify that appellant told him he set the fire. Based on the foregoing, it is not clear that appellant would not have been convicted in the absence of the allegedly improper comments and, accordingly, we find that there was no plain error.
As to Detective Forrester's testimony that Frost had told him about the fires he and appellant set when appellant was younger, this clearly was hearsay, as defense counsel argued at trial. We find that, although the testimony was hearsay, its admission was harmless error for the reasons set forth above.
Based on the foregoing, this court finds that appellant's second assignment of error is not well-taken.
In his third assignment of error, appellant asserts that the trial court erred by including a jury instruction on complicity. Appellant argues that there was no reason for such an instruction and that it confused the jury.
The instruction on complicity was requested by the state in light of testimony that Derick Newlan was present when the fire was started and the possibility that the jury could find that Newlan started the fire and appellant participated. The state also noted that the defense had raised this issue at trial when counsel asked Newlan, "Isn't it true that you set this fire and are just blaming it on Roger Barker?" Defense counsel objected to the instruction.
Generally, requested jury instructions should be given if they are a correct statements of the law as applied to the facts in a given case.Murphy v. Carrollton Mfg. Co. (1991), 61 Ohio St.3d 585. "* * * [A] court's instructions to the jury should be addressed to the actual issues in the case as posited by the evidence and the pleadings." State v.Guster (1981), 66 Ohio St.2d 266, 271. A determination as to jury instructions is a matter left to the sound discretion of the trial court. Id. "In reviewing a record to ascertain the presence of sufficient evidence to support the giving of an * * * instruction, an appellate court should determine whether the record contains evidence from which reasonable minds might reach the conclusion sought by the instruction." Feterle v. Huettner (1971), 28 Ohio St.2d 54, at the syllabus.
Upon thorough consideration of the record of proceedings in this case and the law, this court finds that there was sufficient evidence to support the instruction on complicity and that the trial court did not abuse its discretion in so instructing the jury. Accordingly, appellant's third assignment of error is not well-taken.
On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Lucas County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Richard W. Knepper, J., and Mark L.Pietrykowski, P.J., CONCUR.