THE STATE OF OHIO, APPELLANT, *v.*
JOHNSON, APPELLEE.

(No. 56235—Decided
May 1, 1989.)

*John T. Corrigan,* prosecuting attorney, and *Melody A. White,* for appellant.

*Alan Rossman,* for appellee.

*Per Curiam.* This cause came on to be heard upon the accelerated calendar pursuant to App. R. 11.1 and Local App. R. 25, the record from the Cuyahoga County Court of Common Pleas, the briefs and the oral arguments of counsel. This matter arises from the trial court's decision allowing the defendant to proceed with the defense of not guilty by reason of insanity ("NGRI").

The record contains a finding of sanity at the time of the crime by the court psychiatrist. (The actual report is not in the record.) After accepting this report, defense counsel sought the opinion of Dr. Derrick Lonsdale regarding defendant's suspected biochemical deficiencies. On the basis of the doctor's report, defendant withdrew his plea of not guilty and entered a plea of NGRI. The state opposed the entry of this new plea.

The record reflects that, prior to its decision, the court held a *voir dire* hearing to ascertain whether there was sufficient competent evidence to support the NGRI defense.

Dr. Lonsdale testified for the defense as a specialist in biochemistry. He is not certified in psychology, psychiatry or neurology. Based upon results of his examination of defendant and his own background and experience, Dr. Lonsdale concluded that the defendant suffered from the disease of primary functional disautonomia ("PFD") on the date of the crime. The doctor further testified that this condition, brought about by bad nutrition acting upon a genetically predisposed person, causes the sufferer to react to stress in a compulsive, abnormal fashion so that he cannot refrain from acting in an aberrant manner.

The court should have excluded this testimony as being an attempt by defendant to assert the partial defense of diminished capacity, which is not recognized in this state. The Supreme Court has held that "[a] defendant may not offer expert psychiatric testimony, unrelated to the insanity defense, to show that the defendant lacked the mental capacity to form the specific mental state required for a particular crime or degree of crime." *State* v. *Wilcox* (1982), 70 Ohio St. 2d 182, 24 O.O. 3d 284, 436 N.E. 2d 523, at paragraph two of the syllabus.

Based upon the evidence, we find that the court abused its discretion in finding that there was sufficient competent evidence upon which to proceed with the defense of NGRI. *State* v. *Adams* (1980), 62 Ohio St. 2d 151, 16 O.O. 3d 169, 404 N.E. 2d 144.

Appellant's assignment of error is well-taken.

The judgment is reversed and the cause is remanded for further proceedings.

*Judgment reversed and cause remanded.*

DYKE, P.J., SWEENEY and J.F. CORRIGAN, JJ., concur.