JOURNAL ENTRY AND OPINION
Allen Yasko appeals from a judgment of the common pleas court entered pursuant to a jury verdict finding him guilty of aggravated murder in connection with the stabbing death of his former employer, Keith Tarantino. Yasko argues on appeal the trial court refused to permit him to offer an insanity defense, denied his motion for mistrial due to prosecutorial misconduct, refused to permit expert testimony and failed to properly instruct the jury, and he also argues ineffective assistance of his counsel. After a review of the record and the applicable case authority, we affirm the decision of the trial court.
The record reveals on May 23, 1997, Yasko attended a party with Matt Zorko at the home of Cindy Welsh on Zeman Avenue in Euclid, Ohio. While at the party, Yasko told Michael Vihtelic, Brian Dreis, Wilbert Brooks, and Kirsten Chernay that they would read about him in the paper because "he was going to mess some dude up." Yasko left the party, but returned briefly after having used Zorko's car without permission and stated that he stabbed Tarantino. Realizing that Yasko had used his car, Zorko and Welsh examined it, found blood on the interior of the passenger side door of the car, and discovered a bloody knife on the floor of the car, which tests later confirmed matched Tarantino's blood type. Welsh called the Euclid Police Department, who arrived at the Zeman Avenue address, conducted an examination of the incident, and began looking for Yasko who had left the party. Early the next morning, Yasko voluntarily surrendered to the Euclid police.
The grand jury subsequently indicted him for the aggravated murder of Tarantino. Yasko retained counsel and following a pretrial, the court referred him to the court psychiatric clinic for a competency evaluation. Thereafter, the court determined him competent to stand trial. Subsequently, on May 15, 1998, Yasko changed his plea to not guilty by reason of insanity and sought another psychiatric evaluation, which neuropsychologist, Dr. John Kenny conducted. On June 23, 1998, Yasko's counsel filed a motion to continue trial because Kenny had not yet issued a report regarding the insanity issue. Kenny subsequently did issue a report and prior to trial, the court reviewed the expert reports from both Kenny, and from psychiatrist, Peter Buckley, who evaluated Yasko at the defense counsel's request. Kenny's report indicated Yasko knew the wrongfulness of his conduct despite a severe mental disease or defect. Buckley stated that Yasko suffered from a severe mental disease which partially impaired his capacity to fully appreciate the wrongfulness of his actions.
The court ruled that Buckley could not testify because his report did not state Yasko had been insane at the time of the killing; the court therefore determined Yasko competent to stand trial. At trial and prior to opening statement, defense counsel moved for the opportunity to have Buckley testify as to Yasko's diminished capacity to formulate a lack of intent to kill; the court ruled that Yasko himself could testify as to his intent, but that any expert testimony regarding diminished capacity would be excluded. During its opening comments to the jury, the court erroneously indicated to the jury that the state had to prove guilt by a preponderance of the evidence. During trial, the state called six witnesses who had attended Welsh's party: Vihtelic, Dreis, Brooks, and Chernay, who testified they heard Yasko say that he wanted to go to his boss' house and "mess some dude up", and Zorko and Welsh who testified they heard Yasko state that he stabbed Tarantino. Also, the state called forensic scientist, Elizabeth Lansky, who testified the blood found on Yasko's steak knife matched Tarantino's blood type.
During its case in chief, the defense presented four witnesses, including Yasko. On direct examination, Yasko testified that he hears voices, suffers from memory loss, and does not remember stabbing Tarantino or making any statement about harming him. He did, however, remember the clothing that he wore that night. On cross-examination, the prosecutor questioned him about the events prior to and including Tarantino's stabbing, and commented that "you remember what you want to remember, isn't that the case here?"
During closing argument, the prosecutor commented on Yasko's memory loss. Following closing argument, the court instructed the jury on aggravated murder and the lesser included offense of murder. After its deliberation, the jury returned a verdict finding Yasko guilty of aggravated murder and the court imposed a sentence of life imprisonment without the possibility of parole until Yasko had served 20 full years of imprisonment.
Yasko now appeals from his conviction of aggravated murder and raises six assignments of error for our review.
The first assignment of error states:
 THE TRIAL COURT ABUSED ITS DISCRETION AND DENIED APPELLANT HIS CONSTITUTIONAL RIGHTS TO DUE PROCESS AND A FAIR TRIAL BY RULING PRETRIAL AND WITHOUT CONDUCTING A VOIR DIRE HEARING, THAT APPELLANT'S INSANITY DEFENSE WAS INVALID AND WOULD NOT BE PERMITTED AT TRIAL.
Yasko argues the court should have held a Evid. R. 104 hearing in connection with his plea of not guilty by reason of insanity. The state maintains that since Buckley's expert opinion did not meet the standard for insanity, the court properly denied the hearing and excluded his testimony. We, therefore, are called on to consider whether the court abused its discretion when it failed to conduct a voir dire hearing prior to the time it concluded that since the evidence in the case did not support Yasko's defense of not guilty by reason of insanity.
Evid. R. 104 states in relevant part:
(A) Questions of admissibility generally
 Preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the court, subject to the provisions of subdivision (B). In making its determination it is not bound by the rules of evidence except those with respect to privileges.
(B) Relevancy conditioned on fact
 When the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition.
Yasko's counsel relies heavily on State v. Dotson (1993),85 Ohio App.3d 785, for the proposition that the court should have conducted a voir dire hearing prior to the time it excluded Buckley as an expert witness on this subject. In Dotson, we stated:
 Pursuant to Rule of Evidence 104, the trial court under such circumstances is empowered to conduct a voir dire hearing for purposes of a preliminary determination as to the admissibility of the challenged evidence on these grounds.
* * *
 * * * As noted previously, it was the judge's function to pass solely upon the admissibility of the evidence and not its weight. In light of the fact that the cited testimony was neither definitive nor probative of the issue of legal insanity, we conclude that the explanation of the ruling of the trial court was technically inaccurate, but constituted harmless error beyond a reasonable doubt. No competent expert testimony was adduced for the jury to consider in support of defendant's contention of legal insanity. We find that the cited evidence was excludable under Rule of Evidence 104.
Furthermore, we note R.C. 2901.01 (A) (14) provides:
 A person is "not guilty by reason of insanity" relative to a charge of an offense only if the person proves, * * *, that at the time of the commission of the offense, the person did not know, as a result of a severe mental disease or defect, the wrongfulness of the person's acts.
Further R.C. 2945.391 provides:
 * * * [A] person is "not guilty by reason of insanity" relative to a charge of an offense only as described in division (A) (14) of section 2901.01 of the Revised Code. Proof that a person's reason, at the time of the commission of an offense, was so impaired that the person did not have the ability to refrain from doing the person's act or acts, does not constitute a defense.
In this case, the trial court reviewed Kenny's report which stated that Yasko knew the wrongfulness of his conduct despite a severe mental disease or defect. This review did not necessitate a voir dire hearing pursuant to Evid. R. 104. Further, defense expert, Buckley, stated in his report that Yasko suffered from a severe mental disease which partially impaired his capacity to fully appreciate the wrongfulness of his actions. Buckley did not declare Yasko insane, but only partially impaired. Hence, Yasko did not offer expert testimony for a jury to consider in support of his plea of not guilty by reason of insanity, or constitute a defense in terms of R.C. 2945.391. Therefore, the court had no duty to conduct a voir dire hearing in this case. Accordingly, this assignment of error is not well taken.
Because the second and fourth assignments of error relate to prosecutorial misconduct we shall consider them together. They state:
II.
 PROSECUTORIAL MISCONDUCT VIOLATED APPELLANT'S RIGHTS UNDER THE FIFTH, SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 9, 10, AND 16 OF THE OHIO CONSTITUTION.
IV.
 THE TRIAL COURT ABUSED ITS DISCRETION AND DENIED APPELLANT HIS FOURTEENTH AMENDMENT RIGHTS TO DUE PROCESS AND A FAIR TRIAL DENYING APPELLANT'S MOTION FOR A MISTRIAL DUE TO PROSECUTORIAL MISCONDUCT.
Yasko asserts the trial court abused its discretion by denying his motion for mistrial when the prosecutor improperly questioned him on his memory loss during cross-examination and commented inappropriately during closing argument. The state maintains the prosecutor's cross-examination only followed the areas of inquiry brought out on direct examination by Yasko's counsel concerning the stabbing and his memory loss. The issues here then concern whether the trial court abused its discretion and denied Yasko his constitutional right to a fair trial by denying the motion for a mistrial based on alleged misconduct of the prosecutor in conducting cross examination and in commenting during final argument.
In reviewing a claim of prosecutorial misconduct, we recognize a prosecuting attorney's conduct during trial does not constitute a ground for error unless the conduct deprives the defendant of a fair trial. State v. Apanovitch (1987), 33 Ohio St.3d 19, 24. "[T]he touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor." Smith v. Phillips (1982),455 U.S. 209, 219. The effect of the prosecutor's alleged misconduct must be considered in light of the whole trial. State v. Maurer
(1984), 15 Ohio St.3d 239, 266.
The remarks to which appellant objects occurred during closing argument. The test regarding prosecutorial misconduct in closing argument is whether the remarks were improper, and if so, whether they prejudicially affected substantial rights of the defendant.State v. Smith (1984), 14 Ohio St.3d 13, 14. A prosecutor is afforded wide latitude in closing arguments. State v. Jacks
(1989), 63 Ohio App.3d 200, 210. It is within the trial court's sound discretion to determine if a prosecutor has gone beyond the bounds permitted. State v. Benge (1996), 75 Ohio St.3d 136. A judgment will not be reversed if it is clear beyond a reasonable doubt that, absent the prosecutors's remarks, the jury would have found the defendant guilty. State v. Loza (1994), 71 Ohio St.3d 61,78.
In this case the record reflects that Yasko testified as to the voices that he hears and his memory loss, thus opening the door to the prosecutor's related questions on cross-examination, and comments during closing arguments. These questions and comments were proper, and Yasko has not shown that the prosecutor's comments altered the outcome of the trial especially where the witness testimony and forensic evidence weighed heavily against Yasko. Accordingly, these assignments of error are not well taken.
The third assignment of error states:
 THE TRIAL COURT ABUSED ITS DISCRETION AND DENIED APPELLANT HIS FOURTEENTH AMENDMENT RIGHTS TO DUE PROCESS AND A FAIR TRIAL REFUSING TO PERMIT EXPERT TESTIMONY (1) TO NEGATE THE SPECIFIC INTENT ELEMENT OF THE CHARGED CRIME, AND (2) TO REBUT THE PROSECUTOR'S INFERENCE THAT APPELLANT'S MEMORY DEFICITS WERE FEIGNED.
Yasko argues the court denied him a fair trial by refusing to permit Buckley's expert testimony at trial regarding Yasko's diminished capacity to formulate the intent to commit aggravated murder. The state maintains the court did not err in refusing to admit this testimony because Ohio does not recognize diminished capacity as a defense to aggravated murder. Thus, we are called upon to consider whether the court abused its discretion in precluding Buckley's testimony at trial.
In State v. Wilcox (1982), 70 Ohio St.2d 182, the syllabus reads:
 1. The partial defense of diminished capacity is not recognized in Ohio. * * *
 2. A defendant may not offer expert psychiatric testimony, unrelated to the insanity defense, to show that the defendant lacked the mental capacity to form the specific mental state required for a particular crime or degree of crime.
See, also, State v. Huertas (1990), 51 Ohio St.3d 22. In reversing a trial court which permitted such testimony, the court in State v. Johnson (1989), 48 Ohio App.3d 199, held:
 The court should have excluded this testimony as being an attempt by defendant to assert the partial defense of diminished capacity, which is not recognized in this state. The Supreme Court has held that "[a] defendant may not offer expert psychiatric testimony, unrelated to the insanity defense, to show that the defendant lacked the mental capacity to form the specific mental state required for a particular crime or degree of crime."
 Based upon the evidence, we find that the court abused its discretion in finding that there was sufficient competent evidence upon which to proceed with the defense of NGRI. (Citations omitted.)
Yasko argues that Wilcox should not apply to control this court's decision because Yasko could not form the intent to kill Tarantino due to diminished capacity.
In this case, Buckley examined Yasko and determined that he suffered from diminished capacity, not insanity. Thus, there would be no other basis on which to admit Buckley's testimony. Based on Johnson, it would be an abuse of discretion for the court to have permitted Buckley to testify relating to Yasko's diminished capacity because that is not recognized as a defense in Ohio. Accordingly, this assignment of error is not well taken.
The fifth assignment of error states:
 THE TRIAL COURT'S ERRONEOUS JURY INSTRUCTIONS VIOLATED APPELLANT'S RIGHTS UNDER THE FIFTH, SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 9, 10, AND 16 OF THE OHIO CONSTITUTION.
Yasko claims the court erroneously gave jury instructions concerning the state's burden of proof and also failed to include the lesser included offense of murder. The state urges the trial court correctly articulated its burden of proof and the specific intent required for aggravated murder.
In reviewing jury instructions upon appeal, we must consider the specific charge at issue in the context of the entire charge, not in isolation. State v. Thompson (1987), 33 Ohio St.3d 1, 13. Jury instructions are within the trial court's discretion, which we will not disturb absent an abuse of that discretion. State v.Guster (1981), 66 Ohio St.2d 266, 271.
In this case, the record demonstrates the court correctly articulated the burden of proof as beyond a reasonable doubt. At the commencement of the trial, the court did misspeak regarding the state's burden of proof, but immediately corrected itself. Further, the record reflects the trial court correctly charged the jury regarding the correct burden of proof and also included in its charge to the jury the lesser included offense of murder. Therefore, Yasko's position has no merit, and this assignment of error is not well taken.
The sixth assignment of error states:
 APPELLANT WAS DEPRIVED OF SUBSTANTIAL JUSTICE AND A FAIR TRIAL AND WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION WHEN HIS TRIAL COUNSEL: (1) FAILED TO ADEQUATELY INVESTIGATE AND PREPARE A DEFENSE; (2) FAILED TO INTERPOSE OBJECTIONS; AND (4) [SIC] FAILED TO REQUEST WARRANTED JURY INSTRUCTIONS.
Yasko claims denial of effective assistance of counsel because his defense counsel requested a trial continuance, failed to object during cross examination of Yasko, and did not request a jury instruction regarding intoxication. The state contends Yasko failed to prove deficient performance by his counsel or that the outcome would be different. The issue here concerns whether Yasko received effective assistance of counsel.
In considering a claim of ineffective assistance of counsel,Strickland v. Washington (1984), 466 U.S. 668, articulated the two-part test:
 * * * First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
In evaluating defense counsel's performance, a reviewing court must accord deference to counsel's strategic choices from counsel's perspective at the time of trial, without the benefit of hindsight. Strickland, supra. In order to show prejudice, the defendant must show that a reasonable probability exists that, but for counsel's error, the result of the trial would have been different. State v. Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus.
In this case, the record reveals Yasko retained his own defense counsel. At trial, the state presented six witnesses who testified against Yasko: Vihtelic, Dreis, Brooks, and Chernay testified that on the night of the murder, they heard Yasko say that they would read about him in papers because he intended to, "mess some dude up."; Zorko and Welsh testified that after he returned to the Welsh's party, Yasko bragged that he had stabbed Tarantino. Finally, Lansky testified the blood found on Yasko's knife matched Tarantino's blood type. Therefore, we are unable to conclude Yasko has demonstrated deficient performance by his counsel that altered the outcome of the trial. Accordingly, this assignment or error is not well taken.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
LEO M. SPELLACY, J., and JAMES D. SWEENEY, J., CONCUR.
 _________________________ PRESIDING JUDGE TERRENCE O'DONNELL