OPINION *Page 2 
{¶ 1} Defendant-appellant Jeffrey Lucky appeals his conviction in the Delaware County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On November 17, 2006, the Delaware County Grand Jury indicted Appellant on one count of robbery, in violation of R.C. 2911.02(A)(2), and one count of robbery, in violation of R.C. 2911.02(A)(3).
 {¶ 3} On November 27, 2006, Appellant filed a motion to suppress an out-of-court identification made by the alleged victim. The trial court conducted a hearing on the motion on December 11, 2006.
 {¶ 4} The following facts were adduced from the testimony of Kimberly Green offered at the suppression hearing: Upon arrival at the United Dairy Farmers store near the intersection of S.R. 23 and Powell Road, Green pulled into a parking spot. She then observed an African American male in a car two spots away from her speaking on a cellular phone. She proceeded into the store, and upon returning to her car, observed a man trying to remove her purse from her vehicle. She then ran around the rear of her vehicle and threw a soft drink at his person, making physical contact and scratching his skin. The man then got into his vehicle and drove away. When law enforcement arrived, a store employee provided the license plate number of the vehicle which was registered to Appellant. The responding officers were then able to obtain a photograph of appellant which was shown to Green. Green identified Appellant as the person involved in the incident. *Page 3 
 {¶ 5} Deputy Christina Burke of the Delaware County Sheriffs Department also testified, as well as Appellant himself.
 {¶ 6} On December 18, 2006, via Judgment Entry, the trial court denied the motion to suppress.
 {¶ 7} The matter proceeded to trial on March 1, 2007, and the jury rendered a verdict finding Appellant not guilty as to the first count of robbery, and guilty of the second count. The trial court sentenced Appellant to a four-year prison term.
 {¶ 8} Appellant now appeals, assigning as error:
 {¶ 9} "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY DENYING THE DEFENDANT'S MOTION TO SUPPRESS AND PERMITTING TESTIMONY REGARDING A PRIOR OUT-OF-COURT IDENTIFICATION BY THE ALLEGED VICTIM WHICH WAS THE PRODUCT OF AN IMPERMISSIBLY SUGGESTIVE IDENTIFICATION PROCEDURE AND WHICH, UNDER THE TOTALITY OF THE CIRCUMSTANCES WAS NOT RELIABLE.
 {¶ 10} "II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT REFUSED TO GIVE A JURY INSTRUCTION ABOUT THE OUT-OF-COURT IDENTIFICATION PROCEDURE PERTAINING TO EYEWITNESS TESTIMONY IN VIOLATION OF THE APPELLANT'S FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS.
 {¶ 11} "III. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO GIVE A JURY INSTRUCTION ABOUT THE LESSER INCLUDED OFFENSE OF THEFT, IN VIOLATION OF THE APPELLANT'S FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS. *Page 4 
 {¶ 12} "IV. THE DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE PROSECUTING ATTORNEYS HANDLING THIS CASE COMMITTED PROSECUTORIAL MISCONDUCT.
 {¶ 13} "V. THE DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE PROSECUTING ATTORNEYS COMMITTED SEVERAL VIOLATIONS OF CRIMINAL RULE 16.
 {¶ 14} "VI. THE JURY'S VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 I, II {¶ 15} Appellant's first and second assignments of error raise common and interrelated issues; therefore, we will address the arguments together.
 {¶ 16} Appellant argues the trial court erred in allowing the State to introduce evidence of Green's identification of Appellant from the singular BMV photo shown to her by the responding law enforcement officers. The trial court found the evidence unduly suggestive, but nonetheless reliable; therefore, admissible.
 {¶ 17} Initially, we note Appellate review of a motion to suppress presents a mixed question of law and fact. State v. Book,165 Ohio App.3d 511, 847 N.E.2d 52, 2006-Ohio-1102, at 9; State v. Long (1998),127 Ohio App.3d 328, 332, 713 N.E.2d 1. In a motion to suppress, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and evaluate witness credibility. State v. Bumside, 100 Ohio St.3d 152, 2003-Ohio-5372,797 N.E.2d 71, at If 8; State v. Mills (1992), 62 Ohio St.3d 357, 366,582 N.E.2d 972. Appellate courts must accept a trial court's factual findings so long as competent and credible evidence supports those *Page 5 
findings. State v. Metcalf (1996), 111 Ohio App.3d 142, 145,675 N.E.2d 1268; State v. Harris (1994), 98 Ohio App.3d 543, 546, 649 N.E.2d 7. A reviewing court then conducts a de novo review of the trial court's application of the law to the facts of the case. State v. Anderson
(1995), 100 Ohio App.3d 688, 691, 654 N.E.2d 1034.
 {¶ 18} Appellant argues the due process clause requires a conviction be set aside "if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. State v. Waddy (1992),63 Ohio St.3d 424. It is the likelihood of misidentification which violates a defendant's right to due process.
 {¶ 19} Ohio courts apply a two-step test in determining the admissibility of challenged identification testimony. State v.Wills (1997), 120 Ohio App.3d 320. First, the defendant must show the identification procedure was unnecessarily suggestive. If the defendant meets this burden, the court must consider whether the procedure was so unduly suggestive as to give rise to irreparable mistaken identification. Stated differently, the issue is whether the identification, viewed under the totality of the circumstances, is reliable despite the suggestive procedure. Id; Manson v. Brathwaite
(1977), 432 U.S. 98, 114, 97 S.Ct. 2243, 2253; State v. Garner (1995),74 Ohio St.3d 49, 61, 656 N.E.2d 623, 635. If the pretrial procedures were not suggestive, any remaining questions as to reliability go to the weight of the identification, not its admissibility, and the identification is generally admissible without any further reliability inquiry. United States v. Sleet (C.A.7, 1995), 54 F.3d 303, 309.
 {¶ 20} When deciding motions to suppress photographic identification procedures, the courts must determine whether the photos or procedures used were "so *Page 6 
impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." Simmons v. UnitedStates (1968), 390 U.S. 377, 384, 88 S.Ct. 967.
 {¶ 21} In Neil v. Biggers (1988), 409 U.S. 188, the United States Supreme Court held:
 {¶ 22} "We turn, then, to the central question, whether under the `totality of the circumstances' the identification was reliable even though the confrontation procedure was suggestive. As indicated by our cases, the factors to be considered in evaluating the likelihood ofmisidentification include the opportunity of the witness to view thecriminal at the time of the crime, the witness' degree of attention, theaccuracy of the witness' prior description of the criminal, the level ofcertainty demonstrated by the witness at the confrontation, and thelength of time between the crime and the confrontation. Applying these factors, we disagree with the District Court's conclusion."
 {¶ 23} In the case sub judice, the trial court's December 18, 2006 Judgment Entry found the single-photograph identification procedure used by the Delaware County Sheriffs Office impermissibly suggestive. However, based upon the totality of the circumstances the trial court concluded the identification was reliable. We do not find the trial court erred in doing so.
 {¶ 24} Upon review of the evidence, the victim observed Appellant in the parking lot of the store, collided with him during the altercation, and described clothing he was wearing which was later found in the trunk of Appellant's vehicle. She testified she retrieved her purse from his vehicle, and there was a flashlight in her purse, which flashlight was later found in Appellant's vehicle. She further testified she observed Appellant on numerous occasions during the incident. *Page 7 
 {¶ 25} Appellant further argues the trial court erred in refusing to instruct the jury on the out-of-court identification procedure. Specifically, Appellant requested the trial court instruct the jury as to eyewitness testimony and the factual circumstances under which the victim identified Appellant, stating the identification was "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification."
 {¶ 26} A trial court's instructions to the jury are left to the sound discretion of the court. State v. Guster (1981), 66 Ohio St.2d 266. Based upon our analysis set forth above, we do not find the trial court committed error in refusing such an instruction.
 {¶ 27} Appellant's first and second assignments of error are overruled.
 III. {¶ 28} In the third assignment of error, Appellant argues the trial court erred in failing to instruct the jury on the lesser included offense of theft. As noted supra, jury instructions are left to the sound discretion of the trial court. Guster, supra.
 {¶ 29} Appellant was convicted of robbery, in violation of R.C.2911.02(A)(3), which reads:
 {¶ 30} "(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
 {¶ 31} * * *
 {¶ 32} "(3) Use or threaten the immediate use of force against another."
 {¶ 33} A "theft offense" is defined in R.C. 2913.02 as follows: *Page 8 
 {¶ 34} "(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
 {¶ 35} "(1) Without the consent of the owner or person authorized to give consent;
 {¶ 36} "(2) Beyond the scope of the express or implied consent of the owner or person authorized to give consent;
 {¶ 37} "(3) By deception;
 {¶ 38} "(4) By threat;
 {¶ 39} "(5) By intimidation."
 {¶ 40} In State v. Deem (1988), 40 Ohio St.3d 205, 533 N.E.2d 294, paragraph three of the syllabus, this court set out the test used to determine whether one offense constitutes a lesser-included-offense of another:
 {¶ 41} "An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense."
 {¶ 42} An instruction on a lesser-included offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction on the lesser-included offense. State v. Thomas (1988), 40 Ohio St.3d 213, 533 N.E.2d 286, paragraph two of the syllabus; State v. Palmer (1997),80 Ohio St.3d 543, 562, 687 N.E.2d 685, 702. *Page 9 
 {¶ 43} Upon review of the statutes set forth above, the first and third elements of the Deem test are clearly satisfied. However, the issue becomes whether robbery, as statutorily defined above, can ever be committed without theft, as statutorily defined above, also being committed. We answer that question in the affirmative because robbery can be committed in the course of an "attempted theft." R.C. 2913.02;2923.02; and see State v. Carter (2000), 89 Ohio St.3d 593. Theft requires the accused to actually obtain or exert control over the property or services of another; attempted theft does not. Since theft is not a lesser-included offense of robbery, the trial court did not err by not providing a lesser-included-offense instruction.
 {¶ 44} Appellant's third assignment of error is overruled.
 IV, V {¶ 45} The fourth and fifth assignments of error raise common and interrelated issues; therefore, we will address the arguments together.
 {¶ 46} Appellant asserts the prosecuting attorneys representing the State committed prosecutorial misconduct, and he was denied due process of law when they committed several violations of Criminal Rule 16.
 {¶ 47} Generally, the conduct of a prosecuting attorney during trial cannot be made a ground of error unless the conduct deprives the defendant of a fair trial. State v. Apanovitch (1987), 33 Ohio St.3d 19;State v. Papp (1978), 64 Ohio App.2d 203.
 {¶ 48} Appellant notes the trial court imposed sanctions on the prosecuting attorneys for four discovery violations and for questioning a prior acquaintance of Appellant in circumvention of its previous motion in limine ruling. Specifically, Appellant *Page 10 
argues the State improperly questioned a prior acquaintance of his from his time in prison on a prior conviction, as to where the witness met Appellant.
 {¶ 49} An improper comment does not affect a substantial right of the accused if it is clear beyond a reasonable doubt that the jury would have found the defendant guilty even without the improper comments.State v. Smith (1984), 14 Ohio St.3d 13; State v. Treesh, 2001-Ohio-4. The burden of proof rests with the defendant to demonstrate prejudice.State v. Wade (1978), 53 Ohio St2d 182.
 {¶ 50} With regard to the improper questioning of Appellant's acquaintance, Appellant has not demonstrated the question prejudicially affected his right to a fair trial. The trial court issued a curative instruction, instructing the jury to disregard the question and the answer. It is presumed the jury followed the court's instructions when deliberating. State v. Loza (1994), 71 Ohio St.3d 61. Thus, any possible prejudice to Appellant was relieved by the curative instruction.
 {¶ 51} As to the discovery requests, "[pjrosecutorial violations of Criminal Rule 16 are reversible only when there is a showing that (1) the prosecution's failure to disclose was a willful violation of the rule, (2) foreknowledge of the information would have benefited the accused in the preparation of his defense, and (3) the accused suffered some prejudicial effect." State v. Parson (1983), 6 Ohio St.3d 442.
 {¶ 52} Criminal Rule 16(E) states:
 {¶ 53} "(E) Regulation of discovery
 {¶ 54} * * *l
 {¶ 55} "(3) Failure to comply. If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or *Page 11 
with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances."
 {¶ 56} Appellant cites the State's failure to provide him with a witness list, and the late disclosure of Cheryl Dwyer as a witness. However, upon review of the record, Appellant indicated there was no objection to her testifying. Accordingly, any alleged error has been waived. Further, upon review for plain error, Appellant has not demonstrated the outcome of the trial would clearly have been different, but for the alleged improper actions. State v. Waddell (1996),75 Ohio St.3d 163.
 {¶ 57} Appellant also cites the State's not providing him with the 911 call recording, asserting he did not know the recording existed until the day of trial. Again, the record indicates Appellant did not object to the trial court's finding the recording admissible evidence. Further, as the call was referenced in the police report, Appellant has not demonstrated plain error.
 {¶ 58} Appellant argues the State failed to provide or disclose Appellant's prior criminal record. However, upon review of the record, Appellant's counsel was aware of the prior criminal record in light of Appellant's motion in limine to exclude the same. Further, the trial court prohibited any evidence of appellant's prior record from being admitted at trial.
 {¶ 59} Finally, Appellant cites the State's failure to provide photographs of Appellant at the time of his arrest. Appellant asserts the photographs were material to *Page 12 
the case, and the State's failure to provide them to Appellant prejudiced his ability to prepare and cross-examine the State's witnesses.
 {¶ 60} Upon review of the record, the trial court did not abuse its discretion in specifically finding the photographs were not exculpatory evidence; therefore, Appellant had not been prejudiced by the disclosure.
 {¶ 61} Based upon the foregoing, Appellant's fourth and fifth assignments of error are overruled.
 VI. {¶ 62} In his final assignment of error, Appellant argues his conviction is against the manifest weight of the evidence.
 {¶ 63} Our standard of review on a manifest weight challenge to a criminal conviction is stated as follows: "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717. See also, State v. Thompkins (1997),78 Ohio St.3d 380, 678 N.E.2d 541. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175, 485 N.E.2d 717.
 {¶ 64} Upon review of the record, Cheryl Dwyer, an employee of the United Dairy Farmers store testified she observed Appellant attacking the victim and noted his license plate number. She called 911 and provided the dispatcher with the license plate number. Further, Kimberly Green testified she saw her purse being snatched out of her *Page 13 
truck. She ran out of her truck and right into Appellant, who had her purse. She saw his face and recognized him as the man who had been parked next to her in front of the store when she pulled into the parking lot. She ran to Appellant's car, opened the door, got in, and retrieved her purse. As she was taking appellant's keys, she observed Appellant getting into the car face first. She quickly retrieved her purse, which was between the driver's seat and door, with a flashlight sitting inside.
 {¶ 65} Sergeant Dore of the Delaware Sheriffs Office testified Green identified Appellant from a BMV photo as her assailant. Further, in searching, Appellant's car deputies found the clothing Green described as well as a flashlight between the driver's seat and door.
 {¶ 66} Based upon the above, there was competent, credible evidence presented for the jury to convict Appellant of the crimes charged.
 {¶ 67} The sixth assignment of error is overruled.
 {¶ 68} Appellant's conviction in the Delaware County Court of Common Pleas is affirmed.
 By: Hoffman, P.J. Farmer, J. and Delaney, J. concur *Page 14 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, Appellant's conviction in the Delaware County Court of Common Pleas is affirmed. Costs to Appellant. *Page 1